# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7088 | **DATE** | 9/11/2012 |
| **CASE TITLE** | Torrence vs. Harvey Police Department et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated in the Statement section of this order, the Court grants Plaintiff Michael D. Torrence 30 days in which to file an amended complaint demonstrating that his claim is not barred by the statute of limitations. The amended complaint is due to be filed on or before 10/11/2012. Plaintiff's application for leave to proceed in forma pauperis [4] and motion for appointment of counsel [5] are taken under advisement.

## STATEMENT

Plaintiff Michael D. Torrence filed a complaint pursuant to 42 U.S.C. § 1983 alleging that on August 30, 2010, certain members of the Harvey Police Department entered his home and beat him, causing him physical injury and also causing him to suffer a mild heart attack. Pending before the Court is Plaintiff's motion to proceed *in forma pauperis* ("the IFP motion").

The complaint appears to be untimely. "Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims." *Richards v. Mitcheff*, ---F.3d ----, 2012 WL 3217627, *1 (7th Cir. Aug. 9, 2012). Under Illinois law, claims for personal injury must be commenced within two years after the cause of action accrued. 735 ILCS 5/13-202. Based on the allegations of the complaint, Torrence's cause of action accrued on August 30, 2010. *Malone v. Corrections Corp. of America*, 553 F.3d 540, 542 (7th Cir. 2009) (section 1983 cause of action accrued on date when the plaintiff knew of his injury and could have filed suit). His complaint was not received by the clerk of the court, however, until August 31, 2012—more than two years after the cause of action accrued. Doc. 1 at 1. Under the local rules, Torrence's complaint is deemed filed on the date it was received by the clerk of the court. Local Rule 3.3(d)(2); *see also Johnson v. McBride*, 381 F.3d 587, 588-89 (7th Cir. 2004) (petition deemed filed on date received by court, not date mailed). It therefore appears that Torrence's complaint was filed one day after the statute of limitations had expired.

In general, "a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations." *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006). However, in evaluating a petition to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss the case at any time if it determines that, among other things, it fails to state a claim on which relief may be granted. "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Because the complaint appears to have been filed only one day late, however, it is not obvious that there is no conceivable basis on which the complaint may be timely. The Court will therefore take the IFP motion under advisement for a period of 30 days, during which time Plaintiff is granted leave to file an amended complaint that

will demonstrate, if possible, that Plaintiff's complaint is not barred by the statute of limitations. The Court will rule on the IFP petition at that time. No summons may issue until such time as the Court has ruled on the IFP petition. Plaintiff is advised that the Court's Pro Se Assistance Program is available as a resource that he may wish to use. Information regarding the Pro Se Assistance Program is available via the website for the Northern District of Illinois, at http://www.ilnd.uscourts.gov/ProSe/District%20Court%20Pro%20Se%20Assistance%20Program.pdf or by calling (312) 435-5691.

| Courtroom Deputy | AIR |
|---|---|